CLARK, Justice,
dissenting.
| Nor the reasons that follow, I respectfully dissent from the majority opinion which sanctioned Judge Boothe for judicial misconduct.
First, I disagree with the majority’s conclusions reached in Count I. La.Code Crim. P. art. 916(B) clearly and unequivocally permits the entertainment of a motion to reconsider sentence only when that motion is “properly made or filed.” An untimely motion cannot constitute a “properly made or filed” motion. Thus, Judge Boothe’s lack of authority to reconsider the defendant’s sentence did satisfy the requirements of In re Quirk, 97-1143 (La.12/12/97), 705 So.2d 172, 176 inasmuch as the law was clear, determined, and not subject to confusion or question. Id. at 181. Accordingly, I find this count of judicial misconduct was proven by clear and convincing evidence, and the majority erred in finding otherwise.[1] However, I do not find the legal error committed by Judge Boothe to be sanctionable beyond a public reprimand.
Regarding Count II, I dissent from the majority’s conclusion that Judge Boothe’s failure to recuse himself in this matter constituted judicial misconduct. In my view, there is no clear and convincing evidence that he was so personally interested in the cause of the case that he was rendered unable to fairly rule on the motion. As its basis for finding recusal was required, the majority relies on | gcircumstantial evidence regarding Judge Boothe’s assumed desire to give light to the allegations against Judge Johnson. However, this court has repeatedly held bias or personal interest must be of a substantial nature based on more than conclusory allegations in order to necessitate recusal of a judge. See State v. Qualls, 377 So.2d 293 (La.1979). Judge Booth’s own testimony revealed that he had no political or personal goals in mind when he granted the defendant’s motion. His belief that Judge Johnson was “peripherally involved” and his subsequent written reasons for judgment do not sufficiently substantiate the allegation that he could not fairly adjudicate the defendant’s case due to a personal interest. Thus, I find a violation of the Code of Judicial Conduct was not proven.
Even if it could be argued that Count II was proven by clear and convincing evidence, Judge Boothe’s failure to recuse does not warrant suspension in this case. This court recently imposed a public censure for a judge’s failure to recuse. See In Re: Judge Reginald T. Badeaux III, 11- *1029 214 (La.7/1/11), 65 So.3d 1273. Further, we declined to impose any disciplinary sanction on a judge who was found to have acted improperly due to a desire to further his private interests. (See In Re: Judge William A. Morvant, 09-747 (La.6/26/09), 15 So.3d 74, wherein we found a judge advanced his personal interest when he assessed probationary fines to be paid to an organization of which he was a member of its advisory council.) Thus, while incidents of self-interest can serve as grounds for ethical violations, I find that Judge Boothe’s actions do not justify disciplinary action.
With regard to Count IV, I find the letter Judge Boothe wrote to Mr. Skipper while he was an inmate was not proven by clear and convincing evidence to involve a substantial issue on the merits. The hearing officer found that “the ex parte communications between Judge Boothe and Mr. Skipper were not intended to give a procedural or tactical advantage to Mr. Skipper” and that no advantage “inured to Mr. Skipper’s benefit.” Mr. Skipper even testified that he did not think |sJudge Boothe was giving him legal advice in the letter. Thus, I conclude this ex parte communication did not rise to the level of sanctionable misconduct.
Lastly, I agree with Justice Knoll’s conclusion regarding the alleged animosity between Judge Boothe and Judge Johnson. This matter is based in large part on conjecture and supposition concerning purported, unproven hostility. I write to emphasize that mere speculation about unsubstantiated conflict between two judges does not constitute misconduct nor is it worthy of this court’s consideration. The entirety of the case against Judge Boothe is based on loose allegations about his desire to advance his own political agenda or negatively affect that of Judge Johnson. It appears that a substantial amount of the claims was self-attributed to rumor and hearsay — none of which can satisfy the high burden of producing clear and convincing evidence.

. It is also important to note that a judge’s dependence on custom or tradition cannot excuse purposeful disregard of clear laws. See In re Elloie, 05-1499, pp. 26-27 (La.1/19/06), 921 So.2d 882, 900, wherein this court stated:
Although the Commission found that Judge Elloie's reliance on the “custom” of not conducting contradictory hearings on ex-pungement motions acted as a mitigating factor, we find that this cannot be so. The defense that a long-standing procedure was utilized cannot prevail when that procedure is in direct contravention to express written statutory law, about which there can be no misunderstanding or confusion.